JOHN KATES ET AL., TRUSTEES, &c., v. MARY J. WALKER
ET AL.

Submitted March 23, 1911—Decided February 27, 1912.

1. A provision in a will which gives the testator's estate to trustees, and directs them to divide it among his grandchildren when the youngest shall have reached the age of twenty-five years, postpones the vesting of the estate in the grandchildren until the period of distribution arrives, unless a contrary intention can be gathered from the context of the will.

2. A devise or bequest to the grandchildren of a testator, including those who may be born subsequent to his death, and which remains contingent until the youngest grandchild shall have reached the age of twenty-five years, violates the rule against perpetuities and is void.

In ejectment. Case certified from Camden Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the plaintiffs, *Adam R. Sloan.*

For the defendants, *William T. Boyle* and *Samuel D. Bergen.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The property involved in the present litigation was the homestead farm of Joshua W. Bishop, deceased, who died on December 20th, 1908. By the second item of his will the decedent devised this farm to his wife for the term of her natural life. By the fifth item of that instrument he gave, devised and bequeathed all of his real and personal estate not thereinbefore disposed of to John B. Kates, Samuel Sickler and Henry Minck, in trust, and ordered and directed them to sell all of his real estate so devised to them, to invest the proceeds of the sale thereof, and pay the interest on such investments to his wife during her life. The will then proceeds as follows: "And at her death it is my will

that said trust continue, and I direct my said trustees to continue said investments for the benefit of my grandchildren, the children of my daughter Mary Jane Walker, until the youngest child shall attain the age of twenty-five years, at which time said trust shall end; and I order and direct my said trustees to divide all the moneys of my said estate, including all of said investments and whatever moneys shall accrue therefrom, and trust funds of every kind, in equal parts, and pay the same to my said grandchildren, the children of my said daughter Mary Jane Walker, share and share alike." Joshua W. Bishop outlived his wife; and shortly after his own death, the daughter, Mary Jane Walker, and her husband, moved into and took possession of the homestead farm. The present action is brought by the trustees under the will, and the question certified to us is whether, under the true construction of the trust provision recited, the plaintiffs are entitled to a judgment establishing their right to possession.

There is no doubt but that the homestead farm was embraced in the trust provision of the will; for that provision operated upon all of the testator's estate that was not otherwise disposed of. The question for solution, therefore, is whether the trust is valid, or whether it is in violation of the rule against perpetuities, which makes void all trusts which do not vest in the object of the trust during a life or lives in being at the death of the testator, or within twenty-one years thereafter. It was manifestly the intention of the testator that there should be no distribution of the trust estate until the period named by him—that is, until his youngest grandchild should reach the age of twenty-five years, and that the interest which should come in from the investments after the death of his wife should be accumulated for the purpose of swelling the principal fund. The only gift to the grandchildren is embodied in the order to the trustees to divide the estate when the youngest grandchild shall reach the age of twenty-five years, and pay the same to his grandchildren share and share alike at that time. As was said by the Court of Errors and Appeals, in *Post* v. *Herbert's Executors,* 12 *C. E. Gr.* 543, speaking of a similar trust provision made by a testa-

tor: "Such a disposition standing by itself could not pass a present interest, but would leave the legacy itself contingent." In the leading case of *Leake* v. *Robinson,* 2 *Meriv.* 363, Sir William Grant treated as unquestionable the rule that by a mere direction to transfer or divide from and after a given event, the vesting would be postponed until that event happened. To the same effect is the late case of *Hewitt* v. *Green,* 7 *Buch.* 358.

It is true that this rule, like most others which have been judicially formulated for the purpose of aiding in the ascertainment of testamentary intention, is always subject to be modified or abrogated by the conditions of the case to which it is sought to be applied (*Post* v. *Herbert's Executors, supra*); but we find nothing either in the context of the trust provision of the will now before us, or in any of its other provisions, which suggests that, by its application in the present case, the intention of the testator will be defeated.

We conclude that under the present will the trust estate did not vest in the objects of the trust at the death of the testator, but that their interest remained contingent until the arrival by the youngest member of the class at the specified age of twenty-five years.

Reaching the conclusion indicated, it results that the trust created by the testator violates the rule against perpetuities, for it is quite possible that the youngest child of Mary Jane Walker might not reach the age of twenty-five years until more than twenty-one years after the death of all of her (or his) brothers and sisters who were living at the time of the testator's decease; for the will does not speak with relation to the youngest child who should be living at the death of the testator, but of the youngest child who shall be born of the testator's daughter Mary.

We advise the Circuit Court that because of the invalidity of the trust, under which the plaintiffs claim, judgment should be entered in the present case in favor of the defendants.